IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) JOSE RAMIREZ-BAEZ<br>a/k/a Casque<br>(Counts One and Two)<br>**2) ETANISLAO VALENZUELA**<br>**a/k/a Chupa, Chupacabra**<br>**(Counts One and Two)**<br>**3) EDWIN GONZALEZ**<br>**(Counts One and Two)**<br>Defendants | CRIMINAL 04-0104CCC |

# O R D E R

Before the Court is the Sentencing Memorandum and Objections to Pre-Sentence Report filed by defendant Edwin González-Reyes on May 18, 2005 (**docket entry 176**), which co-defendant Estanislao Valenzuela joined on June 2, 2006 (**docket entry 181**). In his objections, defendant reasserts the contention that during the events of May 19, 2003 he acted under the impression that the controlled substance involved was marihuana and not heroin, as charged in the indictment, and avers that the base-offense level should be determined on the basis of the former substance. In addition, defendant objects the two-level upward adjustment for abusing a position of private trust under U.S.S.G. §3B1.3. Defendant also seeks a downward departure based on several grounds, among them: his belief that the drug involved on the incident of May 19, 2003 was marihuana and not heroin, sentencing entrapment, post-arrest rehabilitation and aberrant behavior.

As defendant himself admits, the argument that he and his co-defendants believed the drug involved in the May 19, 2003 episode was marihuana and not heroin has been presented to the Court during trial and in post-trial motions, and in all instances has failed to obtain them relief. This latest attempt is no different. After all, when all is said and done, defendant does

not dispute in his objections that he actually participated on May 19, 2003 in the possession with intent to distribute controlled substances; he only disagrees with the type of substance involved. The evidence, however, indicates that it was sham heroin, and his base-offense level was determined accordingly. His objection is, therefore, OVERRULED.

Defendant also challenges the upward adjustment for abusing a position of private trust under U.S.S.G. §3B1.3. Application Note to U.S.S.G. §3B1.3 clarifies that "'[p]ublic or private trust' refers to a position of public or private trust characterized by professional or managerial discretion (i.e. substantial discretionary judgment that is ordinarily given considerable deference.)" The U.S. Probation Officer applied this adjustment upon considering that "defendant was employed with Professional Aircraft Services as a ramp supervisor and he used his managerial position to facilitate the instant offense." Addendum to Pre-Sentence Report (docket entry 180), at p. 2. Defendant insists that his position of ramp supervisor simply does not qualify as one of private trust meriting application of the adjustment. We agree. While it is true that he held a position of supervisor, it does not appear that said position involved "substantial discretionary judgment." After all, he appeared to have supervised employees in charge of loading and unloading bags and/or supplies from the airplanes. The mere fact that he had access to areas of the airport which are restricted to the general public is not enough to justify the enhancement. As the Application Note indicates, the key element is whether he possessed "professional or managerial discretion." We find that he did not. Accordingly, defendant's objection to the two-level upward adjustment under U.S.S.G. §3B1.3 is SUSTAINED.

Finally, we note the various reasons offered by defendant in support of a downward departure from the advisory guideline range, and will consider them in conjunction with all the other sentencing factors enumerated in 18 U.S.C. §3553(a).

SO ORDERED.

At San Juan, Puerto Rico, on June 7, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge