IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) JOSE RAMIREZ BAEZ<br>a/k/a Casque<br>(Counts One and Two)<br>2) ETANISLAO VALENZUELA<br>a/k/a Chupa, Chupacabra<br>(Counts One and Two)<br>3) EDWIN GONZALEZ<br>(Counts One and Two)<br>Defendants | CRIMINAL 04-104CCC |

**ORDER**

Before the Court are the Objections to the Pre-Sentence Reports of defendants Estanislao Valenzuela and Edwin González filed by the United States on June 5, 2005 (docket entry 182). The objections remain unopposed by defendants, although on June 8, 2005 they were granted until July 6, 2005 to file their respective oppositions. See docket entry 186.

The government mainly objects to the drug quantities for which defendants were held accountable in their corresponding Pre-Sentence Reports (PSR), claiming that "testimony at trial established that [they] were involved in the smuggling of over one hundred (100) kilograms of cocaine between February and May of 2003, the period of the charged conspiracy." Objections (docket entry 182), at p. 2. In support of its contention, the government referred us to the testimony of cooperating witness José Ramírez-Báez.

The Court has reviewed its trial notes of the testimony on direct of co-defendant Ramírez-Báez. He testified that, aside from the event of May 19, 2003, defendant Valenzuela had assisted him with the transportation of cocaine in airplanes nearly every Sunday starting near the end of February up to May 2003. He stated that the first transport consisted of 3 kilos, followed by one of 6 or 7 kilos, and then around 10 kilos every week from there on. He

CRIMINAL 04-104CCC                              2

also explained that while Valenzuela once commented to him that he had done several jobs with Gonzalez to introduce drugs into the airport, he did not tell him the number of times he introduced drugs with Gonzalez from February to May 2003. Later during the direct examination Ramírez-Báez stated that González was not involved at all during the February-May 2003 events.

In view of Ramírez-Báez' testimony, we find no error in the quantity of drugs attributed to defendant González, and conclude that his guidelines calculations which resulted in a base offense level of 34 are correct. As to defendant Valenzuela, we are in agreement with the government that his calculations should have included the amount of cocaine he helped Ramírez-Báez transport from February to May 2003. We note that two of those events were included in the calculations, described at ¶ 12 of his PSR involving 3 kilograms of cocaine and at ¶ 13 involving 5 kilograms of cocaine. The preponderance of the evidence shows that, if transports of 10 kilos of cocaine every week followed after the initial two shipments for a lesser amount, Valenzuela must have assisted Ramírez-Báez in the transport of at a minimum 30 more kilos of cocaine (10 kilos per week X at least 3 additional Sundays during February-May 2003) which were not included in the PSR's calculations. Under the drug equivalency tables, 30 kilos of cocaine convert into 6,000 kilograms of marihuana. This amount, added to the previously determined total of 6,600 kilos in the PSR (see ¶ 21) equals 12,200 kilograms of marihuana resulting in a base offense level of 36 for Valenzuela, and not 34 as originally determined. See U.S.S.G. § 2D1.1(c).

For the reasons stated, the government's objections as to the quantities of drugs attributed to defendants are OVERRULED as to defendant González but SUSTAINED as to defendant Valenzuela.

SO ORDERED.

At San Juan, Puerto Rico, on August 1, 2005.

S/ CARMEN CONSUELO CEREZO
United States District Judge